Kent J. Schmidt (SBN 195969)
*schmidt.kent@dorsey.com*
**DORSEY & WHITNEY LLP**
600 Anton Blvd., Suite 2000
Costa Mesa, CA 92626
Tel: (714) 800-1400; Fax: (714) 800-1499

Nicholas J. Pappas*
*pappas.nicholas@dorsey.com*
**DORSEY & WHITNEY LLP**
51 W 52nd Street,
New York, NY 10019-6119
Tel: (212) 415-9200;  Fax: (212) 953-7201

Alan J. Iverson*
*iverson.alan@dorsey.com*
**DORSEY & WHITNEY LLP**
50 S. 6th Street, #1500
Minneapolis, MN, 55402
Tel: (612) 340-2600; Fax: (612) 340-2868

Attorneys for UnitedHealthcare Insurance Company;
United HealthCare Services, Inc.; and
United Behavioral Health

**Pro hac vice forthcoming*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CLEANQUEST, LLC, a California limited liability company<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut corporation; UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation; and UNITED BEHAVIORAL HEALTH, a California corporation, and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO. _____<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**(28 U.S.C. §§ 1331 AND 1441(a))**<br><br>(Superior Court of the State of California, County of Orange, Case No. 30-2022-01297407-CU-CO-CJC)<br><br>[Filed Concurrently with Appendix of State Court Pleadings and Documents and Civil Cover Sheet]<br><br>Complaint Filed: December 14, 2022 |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446(a) and 29 U.S.C. 1132(e)(1), Defendants UnitedHealthcare Insurance Company, United HealthCare Services, Inc., and United Behavioral Health (collectively "United") hereby remove this action from the Superior Court of California for the County of Orange to the United States District Court for the Central District of California – Southern Division. Removal is proper on the following grounds:

1. On December 14, 2022, Plaintiff Cleanquest, LLC ("Plaintiff") filed its Complaint in the Superior Court of the State of California for the County of Orange. A copy of the Complaint styled *Cleanqest, LLC v. UnitedHealthcare Insurance Company, et al.*, Case No. 30-2022-01297407-CU-CO-CJC, is attached hereto as **Exhibit A**. The Complaint identifies three United entities as named defendants, as well as "Doe" defendants.

2. United HealthCare Services, Inc. and United Behavioral Health were served with the Summons and Complaint on December 27, 2022. *See* Exhibit A.

3. A true and correct copy of all process, pleadings, and orders filed in the state court action are attached to the concurrently-filed Appendix of State Court Pleadings and Documents.

4. The Complaint alleges that United "wrote, issues, and/or administered" certain "health insurance plans/policies" relating to 187 patients who received laboratory testing by Plaintiff. (Compl. ¶ 5.) Plaintiff alleges that it received valid assignments from those patients and brings this action as an assignee. (*Id.* ¶ 33.)

5. Plaintiff asserts a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, arising out of United's alleged

**NOTICE OF REMOVAL**

administration of ERISA-governed health benefits plan. (*Id.* ¶¶ 33-38.) Specifically, Plaintiff alleges that United violated 29 U.S.C. § 1132 by, *inter alia*, failing to pay health benefit claims consistent with the terms of the underlying ERISA health benefit plans. (*Id.* ¶ 37.)

6.     Because Plaintiff asserts claims arising under the laws of the United States (ERISA), this action is one over which this United States District Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). Removal is also proper pursuant to those statutes because Plaintiff's state law claims fall within the scope of ERISA's complete preemption doctrine. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 221 (2004). ERISA completely preempts Plaintiff's state law claims insofar as those claims seek payments for benefits based on "the terms" of the underlying ERISA health benefit plans. *Id.* at 207-214. (Compl. ¶ 8.)

7.     This Notice is filed within 30 days of United being served with the Summons and Complaint pursuant to 28 U.S.C. § 1446(b)(1). Accordingly, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

8.     This case is properly removed to this Court under 28 U.S.C. § 1441(a) because the Superior Court of the State of California, County of Orange is located within Orange County, California, which is within the Southern Division of the Central District of California. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

9.     A true and correct copy of this Notice of Removal will be filed with the State Court in accordance with 28 U.S.C. § 1446(d), along with a notice of that filing, a copy of which will be served on all parties. A copy of the Notice of Filing Notice of Removal to Federal Court, without exhibits, is attached hereto as **Exhibit B**.

10.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of United's rights to assert any defense or affirmative matter

1  under California law and/or Rule 12 of the Federal Rules of Civil Procedure, any

2  state or federal statute, or otherwise.

3         WHEREFORE, Defendants UnitedHealthcare Insurance Company, United

4  HealthCare Services, Inc., and United Behavioral Health remove this action from

5  the Superior Court of the State of California for the County of Orange to the United

6  States District Court for the Central District of California.

7

8  Dated:  January 24, 2023            By:  /s/ Kent J. Schmidt _____

9                                        Kent J. Schmidt
                                         schmidt.kent@dorsey.com
10                                       DORSEY & WHITNEY LLP
                                         600 Anton Blvd., Suite 2000
11                                       Costa Mesa, CA 92626
                                         Tel: (714) 800-1400;
12                                       Fax: (714) 800-1499

13                                       Nicholas J. Pappas*
                                         pappas.nicholas@dorsey.com
14                                       DORSEY & WHITNEY LLP
                                         51 W 52nd Street,
15                                       New York, NY 10019-6119
                                         Tel: (212) 415-9200;
16                                       Fax: (212) 953-7201

17                                       Alan J. Iverson*
                                         iverson.alan@dorsey.com
18                                       DORSEY & WHITNEY LLP
                                         50 S. 6th Street, #1500
19                                       Minneapolis, MN, 55402
                                         Tel: (612) 340-2600;
20                                       Fax: (612) 340-2868

21                                       *Pro hac vice forthcoming

22                                       Attorneys for Defendants UnitedHealthcare
                                         Insurance Company; United HealthCare
23                                       Services, Inc.; and United Behavioral Health

24

25

26

27

28

3

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 12/14/2022 04:30:23 PM.
30-2022-01297407-CU-CO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By A. Gill, Deputy Clerk.

1  JOHN W. TOWER, ESQ. #106425
2  LAW OFFICE OF JOHN W. TOWER
   2211 Encinitas Blvd., 2nd Floor
3  Encinitas, CA  92024
   (760) 436-5589 / Fax (760) 479-0570
4  Towerlawsd@gmail.com

5  Attorneys for Plaintiff
6  CLEANQUEST, LLC

7

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE

Assigned for All Purposes
Judge Nico Dourbetas

| | |
|---|---|
| CLEANQUEST, LLC., a California limited liability company | Case No.:  30-2022-01297407-CU-CO-CJC |
| Plaintiff, | **COMPLAINT FOR BREACH OF IMPLIED CONTRACT, QUANTUM MERUIT, VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, BREACH OF WRITTEN CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND JURY DEMAND** |
| vs. | |
| UNITED HEALTHCARE INSURANCE COMPANY, a corporation; UNITED HEALTHCARE SERVICES, INC., a corporation; UNITED BEHAVIORAL HEALTH operating under the brand name OPTUM, and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff certifies that venue is proper in this court as to all Defendants because this is the venue district in which the contract was formed, where the obligations of the parties were to be performed, where the contract was breached and where the injuries and damages occurred.

Plaintiff alleges as and for its causes of action as follows:

1.      Plaintiff is a corporation authorized to do and doing business in the City of Irvine, County of Orange, State of California and was at all times herein mentioned doing business as a toxicology testing laboratory and provided services which were or should have been covered by health insurance policies which Plaintiff is informed and believes and thereon alleges were provided, sponsored, supplied, underwritten, administered and/or implemented by Defendants and/or Defendants alter egos, related, or parent companies.

- 1 -

**Exhibit A, Page 5**

2.     Plaintiff is informed and believes and thereon alleges that Defendants UNITED HEALTHCARE INSURANCE COMPANY, Defendant UNITED HEALTHCARE SERVICES, INC and Defendant UNITED BEHAVIORAL HEALTH operating under the brand name OPTUM are corporations authorized to do and doing insurance business in the city of San Diego, County of San Diego, State of California, within the jurisdictional boundaries of this court. These Defendants shall be collectively referred to as "UNITED".

3.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 are somehow related to and/or controlled by the named Defendant and are related entities that were somehow involved in the issuing of the plans/policies and/or the handling of the claims described herein.  The true names and capacities of the Defendants sued herein under Section 474 of the Code of Civil Procedure as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the events herein referred to and caused the damages hereinafter alleged.

4.     Plaintiff is informed and believes and thereon alleges that each Defendant is and was at all times herein mentioned acting as the agent, employee, related entity and/or alter ego of each of the remaining Defendants and at all times acted within the scope and authority of said agency, employment and/or other relationship.

5.     At all times herein mentioned, Plaintiff is informed and believes that numerous patients for which it conducted laboratory testing were insured and being treated for substance abuse treatment services pursuant to health insurance plans/policies that Plaintiff is informed and believes and thereon alleges were drafted, issued, underwritten and/or administered by Defendants and/or said Defendants' predecessor(s),assignor(s), agent(s), alter ego(s) or related entities, including the DOE Defendants herein. There are 187 patients/insureds whose claims are at issue herein who were covered for the laboratory testing performed by Plaintiff. Information identifying the patients, claims and applicable insurance policies/plans, is not provided herein as it is confidential HIPAA protected information. The information will be provided in a confidential private manner to Defendants immediately upon their request for same. Defendants wrote, issued and/or administered the

- 2 -

**Exhibit A, Page 6**

plans/policies, are in possession of same and are familiar with all terms and conditions.

6.     While the subject plans/policies were in effect, Plaintiff provided laboratory toxicology testing to the patients and Defendants insureds referred to above who had insurance coverage applicable to the laboratory testing done by Plaintiff. Plaintiff provided laboratory toxicology testing for the patients and submitted claims for payment in accordance with the terms and conditions of the insurance policies/plans.

7.     Plaintiff provided medically necessary laboratory toxicology testing services and has performed all conditions, covenants and promises required to be performed in accordance with the plans/polices/agreements referred to herein above except, if applicable, those that have been excused, waived or are otherwise inapplicable.

8.     Within the past two years, at Orange County, California, the Defendants breached their contractual obligations and/or committed other wrongful acts and omissions by refusing to pay Plaintiff based on the plan/policy provisions, historical rate, and/or the UCR rate but rather paid a different and significantly lower amount for the laboratory toxicology testing services. Plaintiff is informed and believes that the  different/lower daily payment amounts are not in compliance with Defendants plans/policies and/or the UCR but are a much lower unsustainable and unreasonable amount. Plaintiff is informed and believes and thereon alleges that United has denied claims based upon specious medical necessity and place of service assertions in refusing to make payments on claims. UNITED has demanded that Plaintiff use an inappropriate place of service code. When Plaintiff submitted a bill with this code UNITED rejected it. Additionally, the correct place of service code (which UNITED also will not accept) is universally used and recognized in the Laboratory testing industry and accepted by other insurance companies. UNITED also claims that Plaintiff should be paid under an inapplicable Medicare Physician Fee schedule, when as a Clinical Laboratory it is paid pursuant to the Clinical Laboratory Fee Schedule. UNITED has also refused to respond to Plaintiffs requests for plan and other documents/information, even though Plaintiff has authorizations, assignments and powers of attorney from the patients with claims at issue herein empowering Plaintiff to act on their behalf's and obtain that information. Plaintiff is informed and believes and thereon alleges that UNITED has committed other wrongful acts and/or omissions

- 3 -

**Exhibit A, Page 7**

which will be subject to proof at the time of trial. As a direct and proximate result of the facts and conduct alleged herein, Plaintiff has been significantly damaged and an unconscionable injury would result to Plaintiff if Defendants are not required to pay based on the represented/agreed to UCR rate, and/or the terms of applicable plans/policies. Based on their conduct, Defendants are equitably estopped from denying the agreement/obligation to pay the UCR or otherwise correct amount.

## FIRST CAUSE OF ACTION

### (Breach of Implied Contract)

9.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 8, as though fully set forth herein.

10.    Based on a historical course of dealing and the facts alleged herein above, implied contracts exist between Plaintiff and Defendants whereby Plaintiff would provide laboratory toxicology testing to the insureds of Defendants referred to above in paragraph 5 and Defendants would pay for the services based on the UCR rate. Plaintiff has performed all conditions, covenants and promises required to be performed in accordance with the terms and conditions of said contracts/agreements except, if applicable, those that have been excused, waived or are otherwise inapplicable.

11.    Defendants breached the agreements alleged herein, by way of example and without limitation, engaging in the conduct alleged in paragraph 8.

12.    As a proximate and direct result of the Defendants' breach of contract, Plaintiff has suffered, and will continue to suffer in the future, damages subject to proof at the time of trial.

## SECOND CAUSE OF ACTION

### (Quantum Meruit)

13.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 12 as though set forth fully herein.

14.    As alleged herein Plaintiff performed laboratory toxicology testing for the insureds/patients whose claims are at issue herein who were insured with Defendants. By virtue of the communications and the course of dealing between Plaintiff and the Defendants, Plaintiff was induced to provide laboratory toxicology testing services.

- 4 -

15.     Plaintiff provided the laboratory toxicology testing services for the patients/insureds identified herein in reasonable reliance upon the representations and conduct of the Defendants.

16.     Plaintiff providing the laboratory toxicology testing services in reliance on the representations/communications/agreements by Defendants was not gratuitous.

17.     The amounts that Plaintiff billed for the laboratory toxicology testing services were and are the reasonable value of those services and were and are the UCR rate for those services. Nevertheless, Defendants have refused to pay based on the UCR as they represented, and instead have paid only a small fraction of the reasonable value of the services and often paid nothing at all for proper claims for medically necessary services.

18.     Under the circumstances, Defendants cannot conscientiously refuse to pay the balance due for the patients/insureds identified herein and Defendants should be required to pay the remainder of the reasonable value for the laboratory toxicology testing services provided by Plaintiff to the insureds of Defendants.

## THIRD CAUSE OF ACTION

### (Violation of California Business and Professions Code section 17200)

19.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 18 as though set forth fully herein.

20.     At all times relevant herein, California Business and Professions Code section 17200 et seq. was in full force and effect. The Defendants have engaged in a pattern of conduct including, by way of example and without limitation, the acts and omissions alleged at paragraph 8 above. This past and continuing conduct is unlawful, unfair and/or fraudulent and constitutes an unfair business practice under California law.

21.     Defendants have used improper and/or inadequate information regarding UCR, have negotiated in bad faith using inconsistent amounts for the payments based on the UCR, have refused to pay for services in accordance with the terms and conditions of the applicable plans/policies, and have engaged in a continuing pattern of conduct to under pay and/or delay payment, with the result that Plaintiff in this case and other providers are under severe financial pressure and insured

1    substance abuse patients are potentially exposed to significant financial liability, causing irreparable

2    harm for which Plaintiff does not have an adequate legal remedy. Plaintiff has been and continues to

3    be injured in fact by the conduct of the Defendants and there is a causal link between the Defendants

4    violation of Business and Professions Code section 17200 alleged herein and the injury in fact and/or

5    restitutionary damages suffered by Plaintiff.

6         22.     The Defendants continue to engage in the conduct complained of herein that offend

7    established public policy and which is unethical, oppressive, unscrupulous, unlawful, unfair,

8    fraudulent and substantially injurious to the public at large in that, by way of example and without

9    limitation, those battling substance abuse walk a fine line between sobriety and relapse are placed in

10   a position where they are potentially financially responsible for considerable sums of money for

11   treatment received, and providers of substance abuse treatment are placed in a position where they

12   may be required to pursue former patients for payment of substantial funds that were promised to be

13   paid by Defendants. This places former patients at risk of relapse and puts toxicology laboratories at

14   financial risk. This conduct is particularly egregious because it essentially has the effect of removing

15   any real out of network treatment options for insureds with plans/policies that by the terms provide

16   coverage for out of network providers. Plaintiff is informed and believes and thereon alleges that this

17   is to Defendants advantage as it forces insureds to get in network treatment and saves Defendants

18   money, thereby increasing their profits. This unfair business practice is to the detriment of the many

19   unfortunate people who suffer from substance abuse as it de facto removes viable out of network

20   treatment options and restricts access to out of network providers like Plaintiff during this ongoing

21   substance abuse/opioid epidemic.

22        23.     The Defendants conduct, including misrepresenting the amount it will pay for

23   services and then paying a substantially lower amount is unlawful and unfair, and constitutes fraud

24   against Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants conduct is in

25   violation of California law, including but not limited to California Health and Safety Code section

26   1371.8, California Insurance Code Section 796.04, and California's parity laws

27        24.     Plaintiff seeks compensation for the damages arising from the conduct and activities

28   of Defendants in violation of Business and Professions Code section 17200 as alleged herein,

**Exhibit A, Page 10**

including but not limited to disgorgement of illegal profits and/or ill-gotten financial gains, and restitutionary damages in an amount according to proof at the time of trial. Plaintiff also requests injunctive relief enjoining Defendants from engaging in the conduct alleged herein and appointment of a receiver over Defendants pursuant to California Business and Professions Code section 17203.

25.     Plaintiff requests injunctive relief since the harm in not granting injunctive relief greatly outweighs any possible harm to Defendants if injunctive relief is granted prohibiting Defendants from engaging in the conduct alleged herein. Because the Defendants have engaged in (and continue to engage in) an unfair, unlawful and fraudulent business practice, Plaintiff is entitled to claim reasonable attorney's fees in an amount to be determined according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

### (Breach of Written Contract)

26.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 25 as though set forth fully herein. This cause of action applies to those insureds/patients in the group of 187 who had individual non ERISA insurance policies who will be specifically identified to Defendants. Plaintiff has received valid assignments and powers of attorney from these patients and brings this action as the assignee of these patients.

27.     Plaintiff has performed all conditions, covenants and promises required to be performed in accordance with the terms and conditions of said insurance policies except, if applicable, those that have been excused. Plaintiff is informed and believes and based thereon alleges that the Defendants, and each of them, actively concealed material facts regarding the coverages and/or rates provided in the UNITED policies and/or what the Defendants intended to pay from Plaintiff by way of example and without limitation, among other things, as alleged at paragraphs 6 and 8 herein.  This information was not discoverable or known to Plaintiff and was known only to Defendants.

28.     Defendants breached the insurance policies alleged at paragraph 5, by way of example and without limitation, engaging in the conduct alleged in paragraph 8. As a proximate and

- 7 -

direct result of the Defendants' breach of contract, Plaintiff has suffered, and will continue to suffer in the future, damages under said contract, subject to proof at the time of trial.

## FIFTH CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

29.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 28 as though set forth fully herein.  This cause of action applies to those insureds/patients in the group of 187 who had individual non ERISA insurance policies who will be specifically identified to Defendants. Plaintiff has received valid assignments and powers of attorney from these patients and brings this action as the assignee of these patients.

30.    The Defendants, by operation of law, owed an implied duty to act at all times in good faith and to deal fairly in connection with the subject health insurance policy.  The Defendants' implied by law duties include, but are not limited to, the duty to act fairly, reasonably and promptly in dealing with its insureds or its insureds representatives, adjusting claims, investigating claims handling and paying all claims that are covered under the subject policies.

31.    The Defendants tortiously breached their implied in law duty of good faith and fair dealing in the following respects:

(a)    By engaging in the conduct alleged hereinabove.

(b)    Not attempting in good faith to effect prompt, fair and equitable payment of claims in which the Defendants' obligations were reasonably clear.

(c)    Misrepresenting pertinent policy provisions in relation to the coverage and facts in issue in relation to the claims at issue herein.

(d)    Failing to provide a reasonable basis relied upon in the subject contract of insurance, in relation to the applicable facts, for the handling of the claims at issue herein.

(e)    Plaintiff is informed and believes and thereon alleges that Defendants engaged in other wrongful acts and conduct which will be shown according to proof at the time of trial.

32.    Plaintiff is informed and believes and thereon alleges that said acts, conduct and/or omissions of the Defendants mislead and deceive Plaintiff's assignors and were done in an effort to deprive them of legal rights under the policies. As a direct and proximate result of the wrongful

Complaint – CLEANQUEST v. UNITED

**Exhibit A, Page 12**

conduct of the Defendants, Plaintiff has suffered, and will continue to suffer in the future, the loss of policy benefits due under said contracts of insurance, plus interest, for a total amount to be shown at the time of trial. As a further direct and proximate result of the wrongful conduct of the Defendants, in particular, the bad faith refusal to honor contractual obligations, the Plaintiff has been forced to retain attorneys and incur substantial costs and expenses to obtain policy benefits from said Defendants, for which Plaintiff is entitled to be compensated under California law

## SIXTH CAUSE OF ACTION

### (Violation of ERISA)

33.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 32 as though set forth fully herein. This cause of action applies to those insureds/patients in the group of 187 who had ERISA insurance plans who will be specifically identified to Defendants. Plaintiff has received valid assignments from these patients and brings this action as the assignee of these patients.

34.    Plaintiff's assignors were subscribers and/or plan participants in healthcare insurance plans that Plaintiff is informed and believes and thereon alleges were and are issued, underwritten and administered by Defendants and/or Defendants' predecessor(s)/assignor(s) who wrote the plan, are in possession of same and are familiar with its terms and conditions.

35.    While the subject plans were in effect, Plaintiff performed laboratory toxicology testing for its patients/Defendants insureds which was a covered benefit under the plans for which Plaintiff made proper claims for benefits under the plans by properly and timely submitted claims in accordance with the provisions of the policy.

36.    Plaintiff has performed all conditions, covenants and promises required  to be performed in accordance with the terms and conditions of the applicable plans referred to herein above except, if applicable, those that have been excused and/or waived by Defendants.

37.    Within the past year, at Irvine, California, the Defendants breached their contractual and/or fiduciary obligations under the subject plans and violated the provisions of 29 U.S.C. §1132 by failing to honor Plaintiff's claims under the healthcare insurance plans, by engaging in the

- 9 -

**Exhibit A, Page 13**

conduct alleged herein, by refusing to respond to requests for documents and information, by failing to explain the reasons for non or under payment of claims, by arbitrarily and capriciously denying or grossly underpaying clearly covered claims and in other regards which will be shown according to proof.

38.     As a direct and proximate result of the Defendant's breach of contracts and violations 29 U.S.C. §1132, Plaintiff has suffered and will continue to suffer economic injury in fact as alleged herein in an amount according to proof at the time of trial, together with interest thereon at the legal rate. Plaintiff hereby demands payment of past benefits wrongfully withheld with interest thereon at the legal rate. Pursuant to 29 U.S.C. §1132(g) Plaintiff hereby requests attorney's fees and costs in connection with recovering benefits due and owing from the Defendants. Plaintiff also requests this court enter an order directing that the claims at issue be reprocessed using appropriate applicable standards which comply with ERISA, and additional equitable and injunctive relief as may be appropriate under the circumstances.  Plaintiff also requests this court enter appropriate orders sanctioning or levying fines on UNITED for refusing to comply with Plaintiffs documentation and information requests, and for UNITED'S stonewalling and lack of cooperation in an effort to frustrate Plaintiff's attempts to have the claims processed and paid correctly.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1.     For general, special, restitutionary and compensatory damages according to proof.

2.     For prejudgment interest on amounts benefits wrongfully withheld.

3.     For expenses incurred, including attorney's fees and other costs, according to proof.

4.     For repossessing of claims and/or other equitable and injunctive relief as the court may deem appropriate under the circumstances.

5.     For such other and further relief as the Court may deem just and proper.

Dated: December 14, 2022                    LAW OFFICE OF JOHN W. TOWER


By: _____

JOHN W. TOWER
Attorney for Plaintiff CLEANQUEST, LLC

- 10 -

Complaint – CLEANQUEST v. UNITED

**Exhibit A, Page 14**

## JURY DEMAND

Plaintiff hereby demands a jury for all issues properly giving rise to the right to trial by jury.

Dated:  December 14, 2022                    LAW OFFICE OF JOHN W. TOWER

By: _____

                                        JOHN W. TOWER
                                        Attorney for Plaintiff CLEANQUEST, LLC

- 11 -

Case 8:23-cv-00148-JWH-JDE    Document 1    Filed 01/24/23    Page 17 of 25    Page ID
. Electronically Filed by Superior Court of California, County of Orange, 12/20/2022 08:34:00 AM.
30-2022-01297407-CU-BC-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By V. Hammer, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*  UNITED HEALTHCARE INSURANCE
COMPANY, a corporation; UNITED HEALTHCARE SERVICES,
INC., a corporation; UNITED BEHAVIORAL HEALTH operating
under the brand name OPTUM, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CLEANQUEST, LLC, a California limited liability company

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court<br>700 Civic Center Drive, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):* 30-2022-01297407-CU-CO-CJC |
|---|---|
| | Judge Nico Dourbetas |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John W. Tower, Esq./Law Office of John W. Tower
2211 Encinitas Blvd, 2nd Floor, Encinitas, CA 92024, (760) 436-5589

| DATE:<br>*(Fecha)* 12/20/2022   DAVID H. YAMASAKI, Clerk of the Court | Clerk, by _V. Hammer_ , Deputy<br>*(Secretario)*          *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* United Healthcare Services, Inc, a Corporation
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 12/27/22

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|

**Exhibit A, Page 16**

Electronically Filed by Superior Court of California, County of Orange, 12/20/2022 08:34:00 AM.
30-2022-01297407-CU-BC-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By V. Hammer, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*  UNITED HEALTHCARE INSURANCE
COMPANY, a corporation; UNITED HEALTHCARE SERVICES,
INC., a corporation; UNITED BEHAVIORAL HEALTH operating
under the brand name OPTUM, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CLEANQUEST, LLC, a California limited liability company

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response.  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Orange County Superior Court<br>700 Civic Center Drive, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*   30-2022-01297407-CU-CO-CJC |
| | Judge Nico Dourbetas |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John W. Tower, Esq./Law Office of John W. Tower
2211 Encinitas Blvd, 2nd Floor, Encinitas, CA 92024, (760) 436-5589

| DATE:<br>*(Fecha)*  12/20/2022   DAVID H. YAMASAKI, Clerk of the Court | Clerk, by _____ V. Hammer , Deputy<br>*(Secretario)*  *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  United Behavioral Health

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 12/27/22

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | Code of Civil Procedure §§ 412.20, 465 |

**SUMMONS**

**Exhibit A, Page 17**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE**<br>STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS:  700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME:  Central Justice Center | *FOR COURT USE ONLY*<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: CleanQuest, LLC | |
| DEFENDANT: United Healthcare Insurance Company et.al. | **Dec 20, 2022**<br>Clerk of the Superior Court<br>By: A. GILL, Deputy |
| Short Title: CLEANQUEST, LLC VS. UNITED HEALTHCARE INSURANCE COMPANY | |
| **NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2022-01297407-CU-CO-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>09/11/2023</u> at  <u>09:00:00 AM</u> in Department <u>C14</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

**Exhibit A, Page 18**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** CLEANQUEST, LLC VS. UNITED HEALTHCARE INSURANCE COMPANY

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2022-01297407-CU-CO-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 12/20/2022. Following standard court practice the mailing will occur at Sacramento, California on 12/21/2022.

Clerk of the Court, by: _____ , Deputy

LAW OFFICE OF JOHN W. TOWER
2211 ENCINITAS BOULEVARD # 2ND FLOOR
ENCINITAS, CA 92024

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

**Exhibit A, Page 19**

# EXHIBIT B

1  Kent J. Schmidt (SBN 195969)
   *schmidt.kent@dorsey.com*
2  **DORSEY & WHITNEY LLP**
   600 Anton Blvd., Suite 2000
3  Costa Mesa, CA 92626
   Tel: (714) 800-1400; Fax: (714) 800-1499
4
   Attorney for UnitedHealthcare Insurance Company;
5  United HealthCare Services, Inc.; and
   United Behavioral Health
6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                            **COUNTY OF ORANGE**

9

10  CLEANQUEST, LLC, a California limited       CASE NO. 30-2022-01297407-CU-CO-
    liability company                           CJC)
11
                 Plaintiff,                     Assigned for all purposes to:
12                                              The Honorable Nico A. Dourbetas
    v.                                          Department: C25
13
    UNITEDHEALTHCARE INSURANCE                  **NOTICE OF FILING NOTICE OF**
14  COMPANY, a Connecticut corporation;        **REMOVAL**
    UNITED HEALTHCARE SERVICES, INC.,
15  a Minnesota corporation; and UNITED        Complaint Filed: December 14, 2022
    BEHAVIORAL HEALTH, a California
16  corporation, and DOES 1 through 10,
    inclusive
17
                 Defendants.
18

19

20

21

22

23

24

25

26

27

28

                                           **NOTICE OF FILING NOTICE OF REMOVAL**

TO:     Superior Court Clerk, Superior Court of California, County of Orange, 700 Civil Center Drive, Dept. C25, Santa Ana, CA, 92701.

**PLEASE TAKE NOTICE** that on January 24, 2023, Defendants UnitedHealthcare Insurance Company, United HealthCare Services, Inc., and United Behavioral Health filed a Notice of Removal of Action to Federal Court with the United States District Court for the Central District of California, removing this action to federal court from the Superior Court of California, County of Orange. A copy of the Notice of Removal is attached hereto as **Exhibit 1**. A copy of the Complaint can be found as Exhibit A to the Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), the Superior Court of California, County of Orange, shall proceed no further with this lawsuit.

Dated:  January 24, 2023

By: _____

Kent J. Schmidt
*schmidt.kent@dorsey.com*
DORSEY & WHITNEY LLP
600 Anton Blvd., Suite 2000
Costa Mesa, CA 92626
Tel: (714) 800-1400;
Fax: (714) 800-1499

Attorney for Defendants UnitedHealthcare Insurance Company; United HealthCare Services, Inc.; and United Behavioral Health

1

1

## **PROOF OF SERVICE**

2

### **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

4

     I am employed in the City of Costa Mesa, County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626.  On January 24, 2023, I served the documents named below on the parties in this action as follows:

5

6

**DOCUMENT(S) SERVED:**        **NOTICE OF FILING NOTICE OF REMOVAL**

7

**SERVED UPON:**          JOHN W. TOWER, ESQ. #106425

8

LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA 92024

9

(760) 436-5589 / Fax (760) 479-0570
Towerlawsd@gmail.com

10

Attorney for Plaintiff Cleanquest, LLC

11

☐   (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed

12

in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing,

13

said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

14

☒   (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney

15

LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly

16

maintained by Federal Express for overnight delivery.

17

☐   (BY ELECTRONIC MAIL) The above-referenced document was transmitted in "pdf" format by electronic mail ("e-mail") to each of the e-mail addresses listed, and no errors

18

were reported.

19

☐   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

20

Executed on January 24, 2023 at Irvine, California.

21

22

_____
Maria Santos

23

24

25

26

27

28

## **PROOF OF SERVICE**

### **STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626. On January 24, 2023, I served the documents named below on the parties in this action as follows:

**DOCUMENT(S) SERVED:**    **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

**SERVED UPON:**        JOHN W. TOWER, ESQ. #106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA 92024
(760) 436-5589 / Fax (760) 479-0570
Towerlawsd@gmail.com

Attorney for Plaintiff Cleanquest, LLC

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ (BY ELECTRONIC MAIL) The above-referenced document was transmitted in "pdf" format by electronic mail ("e-mail") to each of the e-mail addresses listed, and no errors were reported.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on January 24, 2023 at Irvine, California.

_____
Maria Santos