JOHN W. TOWER, ESQ. #106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA 92024
(760) 436-5589 / Fax (760) 479-0570
Towerlawsd@gmail.com

Attorneys for Plaintiff
CLEANQUEST, LLC

Kent J. Schmidt (SBN 195969)
*Schmidt.kent@dorsey.com*
**DORSEY & WHITNEY LLP**
600 Anton Blvd., Suite 2000
Costa Mesa, CA 92626
Tel: (714) 800-1400; Fax: (714) 800-1499

Nicholas J. Pappas (*admitted pro hac vice*)
*pappas.nicholas@dorsey.com*
**DORSEY & WHITNEY LLP**
51 W 52nd Street,
New York, NY 10019-6119
Tel: (212) 415-9200; Fax: (212) 953-7201

Alan J. Iverson (*admitted pro hac vice*)
*iverson.alan@dorsey.com*
**DORSEY & WHITNEY LLP**
50 S. 6th Street, #1500
Minneapolis, MN, 55402
Tel: (612) 340-2600; Fax: (612) 340-2868

Attorneys for UnitedHealthcare Insurance Company;
United HealthCare Services, Inc.; and
United Behavioral Health

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| CLEANQUEST, LLC, a California limited liability company<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a corporation; UNITED HEALTHCARE SERVICES, INC., a corporation; UNITED BEHAVIORAL HEALTH, corporation, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | **Case No.: 8:23-CV-00148_JWH-JDE**<br><br>**JOINT RULE 26(f) REPORT**<br><br>DATE:　August 9, 2024<br>TIME:　9:00 a.m.<br>DEPT.:　9D Santa Ana |

Plaintiff Cleanquest, LLC ("Plaintiff") and Defendants UnitedHealthcare Insurance Company; United HealthCare Services, Inc.; and United Behavioral Health ("Defendants") (collectively, the "Parties") respectfully submit this Joint Rule 26 Report pursuant to this Court's order setting a Scheduling Conference. Counsel for the Parties met and conferred on these matters on July 18, 2024 prior to submitting this joint statement.

1. **Statement of the Case**

    **A. Plaintiff's Statement:**

    This lawsuit involves Plaintiff CLEANQUEST's claims for relief against the Defendants (hereinafter collectively referred to as "UNITED") for under payment and/or nonpayment of claims for covered independent laboratory analysis services provided by CLEANQUEST to patients insured under health care plans drafted and administered by UNITED. UNITED denies that it has any liability for additional payments.

    **B. Defendants' Statement:**

    This case involves claims for laboratory toxicology services provided by Plaintiff for 166 patients who participate in health plans insured or administered by United pursuant to the Employee Retirement Income Security Act ("ERISA"). United's determination of those claims—many of which were not covered—was reasonable and correct under the terms of the plans. United does not know the specific plan terms that Plaintiff contends it breached for each of the 166 patients' claims but denies that it breached any plan terms or otherwise improperly failed to pay benefits due.

2. **Subject Matter Jurisdiction**

    This Court has subject matter jurisdiction based jurisdiction pursuant to and 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

**3. Legal Issues**

    **A. Plaintiff's Statement:**

The principal legal issues in dispute are:

1. Whether there are any implied agreements between Plaintiff and Defendants, and if so, whether they were breached;
2. Whether UNITED is in violation of California Business and Professions Code §17200 et seq.;
3. Whether Plaintiff is entitled to payment for services rendered based on the legal theory of quantum meruit;
4. Whether Plaintiff is entitled to additional payments pursuant to the terms of the applicable plans; and
5. Whether UNITED violated ERISA.

    **B. Defendants' Statement:**

The threshold legal issue facing the Court is whether Plaintiff's Third Amended Complaint ("TAC") should be dismissed pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. As set forth United's Motion to Dismiss (ECF No. 50), Plaintiff's TAC should be dismissed because:

1. The TAC fails to make a "short and plain statement of the claim" that is "simple, concise, and direct" as required by Rule 8;
2. Plaintiff's Employee Retirement Income Security Act ("ERISA") claim (Count IV) fails because Plaintiff does not allege facts that would plausibly give rise to claims under ERISA §§ 502(a)(1)(B), 502(a)(2), 502(a)(3), or 502(a)(1)(A) and (c);
3. ERISA §§ 514 and 502(a) preempt Plaintiff's state law claims (Counts I-III);
4. Plaintiff's breach of implied contract claim (Count I) fails because Plaintiff does not allege contract terms, mutual assent, or the existence of an agreement independent of the health plans;

5. Plaintiff's quantum meruit claim (Count II) fails because Plaintiff does not allege that United requested its services or received a benefit, and because health plans already govern the claims at issue; and

6. Plaintiff's claim under California's Unfair Competition Law ("UCL") (Count III) fails because Plaintiff lacks standing, seeks damages, and fails to allege facts showing any entitlement to relief.

To the extent the TAC survives dismissal, the central legal issue in this case is whether United abused its discretion when it processed the laboratory toxicology claims submitted by Plaintiff according to the terms of the underlying ERISA health plans for the 166 patients. United denies that it breached any plan terms or otherwise improperly failed to pay benefits due. An additional legal issue is whether Plaintiff engaged in any abusive or irregular billing practices which would support repayment, refund, reimbursement or offsets for overpaid claims.

**4. Parties, Evidence, Etc.**

**A. Parties**

Cleanquest, LLC is a California limited liability company operating an independent testing laboratory in Orange County, California.

UnitedHealthcare Insurance Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut. It is a subsidiary of UHIC Holdings, Inc., a Delaware corporation, which is a subsidiary of United HealthCare Services, Inc., a Minnesota corporation, which is a subsidiary of UnitedHealth Group Incorporated, a Delaware corporation.

United HealthCare Services, Inc. is a Minnesota corporation with its principal place of business in Minnetonka, Minnesota. It is a subsidiary of UnitedHealth Group Incorporated, a Delaware corporation.

United Behavioral Health is a California corporation with its principal place of business in San Francisco, California. It is a subsidiary of OptumHealth Holdings, LLC, a Delaware corporation, which is a subsidiary of Optum, Inc., a Delaware

corporation.

### B. Witnesses

Plaintiff's potential witnesses include Algin Kalikud, Christina Smith, Stampp Corbin, Michelle Venges and Kellis Corbin. Plaintiff also intends to all witnesses employed by and/or affiliated with Defendants including but not limited to Nicholas J. Maglio, Deanna C. (Central Escalation Unit), Bruce Gisi, Joelle Bickler, Richard O'Conner, Marianne Short, Kate Brice, Sir Andrew Witty, Jenifer Logan, Bill Golden and Vicki Miller. Plaintiff will also potentially be calling additional witness employed by and/or associated with Defendants who may be identified through the discovery process.

United is not presently aware of the identities of individuals who may have knowledge regarding the claims at issue in this case but anticipates that witnesses will include Plaintiff's owners, managers, employees, and contractors; all United members identified on Plaintiff's listing of claims at issue; and individuals identified in the administrative records corresponding to the disputed claims.

### C. Key Documents

United anticipates that the key documents in this matter will include the administrative records corresponding to the disputed claims and Plaintiff's and third-party medical providers' files corresponding to the same. Plaintiff concurs and anticipates other key documents including but not limited to the applicable plan documents, United internal reimbursement policies and related policies/documents, industry standard documents providing billing instructions, CMS documents, NUCC documents, correspondence between Plaintiff and United, and other potentially relevant documents.

## 5. Damages

### A. Plaintiff's Statement:

Plaintiff estimates its damages for unpaid and underpaid claims to be approximately $1,892,052.55. Plaintiff estimates its damages/the penalty for

Defendants failure to provide requested plan documents to be $1,862,000.00.

  **B. Defendants' Statement:**

Defendants deny that Plaintiff is entitled to any damages.

### 6. Insurance

At this time, Defendants believe that any portion of a possible judgment for which Defendants may be responsible would be covered through Defendants' self-insurance, not through policies issued by external insurance carriers.

### 7. Motions

Defendants Motion to Dismiss the Third Amended Complaint is pending and scheduled to be heard at the time of the scheduling conference. The Parties may bring motions for summary judgment in the future.

### 8. Manual for Complex Litigation

The parties do not believe that any of the procedures set forth in the manual for complex litigation should be necessary in this action.

### 9. Status of Discovery

  **A. Plaintiff's Statement**

No written discovery has been completed to date. Plaintiff has served document requests which are pending. Plaintiff has provided Defendants with documentation regarding the claims at issue in this case. Plaintiff has requested, but not received copies of the applicable plan documents.

  **B. Defendants' Statement**

The Court granted United's request to stay discovery (ECF No. 24 at 9) and ordered that "Discovery in the instant action remains STAYED pending Cleanquest's successful amendment of its Complaint." (ECF No. 38 at 8.) Accordingly, Defendants' position is that discovery remains stayed until the Court rules that Plaintiff has successfully amended its Complaint.

### 10. Discovery Plan

Once discovery is no longer stayed, the parties will be serving written

discovery on one another and anticipate seeking deposition testimony (party and non-party) relevant to the subject matter of this action. Plaintiff proposes the written initial disclosures are to be exchanged on or before September 9, 2024. Defendants propose that written Initial Disclosures will be exchanged, if at all, 14 days after the Court rules on United's pending Motion to Dismiss the Third Amended Complaint (ECF No. 50). The Parties do not propose any limitations or modifications to the discovery rules as set forth in Rule 26(f). The Parties do not believe a stipulated e-discovery order is necessary at this time, but will meet and confer regarding the substance of an e-discovery order if necessary.

### 11. Discovery Cut-Off

Plaintiff proposes a discovery cut off of July 10, 2025. Defendants propose the discovery cut off date be set, if at all, 275 days after the Court rules on United's pending Motion to Dismiss the Third Amended Complaint (ECF No. 50).

### 12. Expert Discovery

Plaintiff proposes an expert discovery cut off of June 10, 2025, with initial expert disclosures to be April 10, 2025 and rebuttal expert disclosures to be May 10, 2025. Defendants propose that that initial expert witness disclosures be due, if at all, 325 days after the Court rules on United's pending Motion to Dismiss the Third Amended Complaint (ECF No. 50); that rebuttal expert witness disclosures be due, if at all, 375 days after the Court rules on United's Motion; and that the expert discovery cut off be set, if at all, for 425 days after the Court rules on United's Motion.

### 13. Dispositive Motions

Defendants Motion to Dismiss the Third Amended Complaint is pending and scheduled to be heard at the time of the scheduling conference. Plaintiff proposes that the deadline for dispositive motions be set for September 10, 2025. Defendants propose that the deadline for dispositive motions be set, if at all, for 475 days after the Court rules on United's Motion to Dismiss the Third Amended Complaint (ECF

No. 50).

### 14. Settlement/Alternative Dispute Resolution (ADR)

The Parties have not engaged in any settlement discussions at this time. The parties believe that private mediation would be the most productive form of alternate dispute resolution in this matter.

### 15. Trial Estimate

The parties believe that trial of this case will take 6 days. Plaintiff has demanded a jury trial. Defendants' position is that under ERISA no jury is permitted relating to any of the claims in this case.

### 16. Trial Counsel

John W. Tower of the Law Office of John W. Tower will be trial counsel for Plaintiff. Nicholas Pappas, Alan J. Iverson, and Kent Schmidt of Dorsey & Whitney LLP will be trial counsel for Defendants.

### 17. Independent Expert or Master

The Parties do not believe an independent expert or master will be necessary at this time.

### 18. Timetable

Please see attached Exhibit A.

### 19. Amending the Pleadings and Adding Parties

Based on the available information at this time, the parties do not currently anticipate amending the pleadings or adding new parties. Defendants submit that no further amendments should be permitted given how many previous amendments have occurred.

### 20. Other Issues

This case will involve HIPAA protected information which will have to managed to protect patient confidentiality.

**21. Consent to Proceed before Magistrate Judge**

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

DATED: July 26, 2024                                LAW OFFICES OF JOHN W. TOWER

/s/ John W. Tower
John W. Tower
Attorney for Plaintiff Cleanquest, LLC

DATED: July 26, 2024                                DORSEY & WHITNEY, LLP

/s/ Alan J. Iverson

Kent J. Schmidt
schmidt.kent@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Blvd., Suite 2000
Costa Mesa, CA 92626
Tel: (714) 800-1400;
Fax: (714) 800-1499

Nicholas J. Pappas*
pappas.nicholas@dorsey.com
DORSEY & WHITNEY LLP
51 W 52nd Street,
New York, NY 10019-6119
Tel: (212) 415-9200;
Fax: (212) 953-7201

Alan J. Iverson*
iverson.alan@dorsey.com
DORSEY & WHITNEY LLP
50 S. 6th Street, #1500
Minneapolis, MN, 55402
Tel: (612) 340-2600;
Fax: (612) 340-2868

*Admitted pro hac vice

Attorneys for Defendants
UnitedHealthcare Insurance Company;
United HealthCare Services, Inc.;
and United Behavioral Health

**EXHIBIT A: SCHEDULE OR PRETRIAL AND TRIAL DATES WORKSHEET**

| Case No.: | 8:23-CV-00148_JWH-JDE |
|---|---|
| Case Name: | Cleanquest, LLC v. United HealthCare Insurance Company, et. al. |

| Event | Plaintiff's Request month/day/year | Defendants' Request month/day/year | Court's Order |
|---|---|---|---|
| ☐ Jury Trial *or* ☐ Bench Trial **(Monday at 9:00 a.m.)** Length:____days | Plaintiff requests Jury Trial 11/10/25 | + 550 days, if at all, after ruling on United's Motion to Dismiss (ECF No. 50) | |
| Final Pretrial Conference [L.R. 16] **(Friday−17 days before trial date)** | 10/24/25 | | |
| Hearing on Motions *in Limine* **(Friday−7 days before Final PTC)** | 10/17/25 | | |
| Last Date to Hear Non-Discovery Motions | 9/10/25 | + 475 days, if at all, after ruling on United's Motion to Dismiss (ECF No. 50) | |
| Last Date to Conduct Settlement Conference | 7/10/25 | + 425 days, if at all, after ruling on United's Motion to Dismiss (ECF No. 50) | |
| All Discovery Cut-Off (including hearing all discovery motions) | 7/10/25 | + 425 days, if at all, after ruling on United's Motion to Dismiss (ECF No. 50) | |
| Expert Disclosure (Rebuttal) | 5/10/25 | + 375 days, if at all, after ruling on United's Motion to Dismiss (ECF No. 50) | |
| Expert Disclosure (Initial) | 4/10/25 | + 325 days, if at all, after ruling on United's Motion to Dismiss (ECF No. 50) | |

1 | ADR [L.R. 16-15] Settlement Choice:
2 | ☐   Attorney Settlement Officer Panel
3 | ☒   Private Mediation
4 | ☐   Magistrate Judge