O

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEANQUEST, LLC., a California limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a corporation; UNITED HEALTHCARE SERVICES, INC., a corporation; UNITED BEHAVIORAL HEALTH operating under the brand name OPTUM; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 8:23-cv-00148-JWH-ADS<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT [ECF No. 50]** |

Before the Court is the motion of Defendants UnitedHealthcare Insurance Company; United HealthCare Services, Inc.; and United Behavioral Health (collectively, "Defendants") to dismiss the Third Amended Complaint of Plaintiff Cleanquest, LLC.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers field in support and in opposition,[2] the Court orders that the Motion is **GRANTED in part** and **DENIED in part**, for the reasons set forth herein.

## I. BACKGROUND

### A. Procedural History

Cleanquest filed its initial Complaint in state court in December 2022, and Defendants removed the case to this Court in January 2023.[3]

In March 2023, Defendants filed a motion to dismiss the Complaint.[4] Two weeks later, Cleanquest filed a First Amended Complaint.[5] Accordingly,

---

[1] Defs.' Mot. to Dismiss Pl.'s Third Am. Compl. (the "Motion") [ECF No. 50].

[2] The Court considered the documents of record in this action, including the following papers: (1) Third Am. Compl. (the "Amended Complaint") (including its attachments) [ECF No. 39]; (2) Motion (including its attachments); (3) Amended Complaint, Sealed Exs. G, H, I, J K, L, M, N, O, P, Q, R, & X [ECF No. 44 through 44-12]; (4) Pl.'s Opp'n to Motion (the "Opposition") [ECF No. 56]; and (5) Defs.' Reply in Supp. of Motion (the "Reply") [ECF No. 57]. Defendants request judicial notice of certain documents related to this matter. *See* Request for Judicial Notice [ECF No. 51]. The Court did not rely on the documents that are the subject of those requests. Accordingly, Defendants' Request for Judicial Notice is **DENIED as moot**.

[3] *See* Notice of Removal [ECF No. 1].

[4] Defs.' Mot. to Dismiss the Compl. [ECF No. 14].

[5] First Am. Compl. (the "First Amended Complaint") [ECF No. 15].

the Court denied Defendants' motion to dismiss as moot.[6] In July 2023, the Court dismissed Cleanquest's First Amended Complaint, with leave to amend, because Cleanquest's claims were insufficiently pleaded.[7] In April 2024, the Court dismissed Cleanquest's Second Amended Complaint, again with leave to amend, because Cleanquest's claims remained insufficiently pleaded.[8]

In May 2024, Cleanquest filed a Third Amended Complaint, asserting the following claims for relief:

- breach of implied contract;
- quantum meruit;
- violation of Cal. Bus. & Prof. Code § 17200 ("UCL"); and
- violation of ERISA, 29 U.S.C. § 1132.

In June 2024, Defendants filed the instant Motion to dismiss Cleanquest's operative Amended Complaint, in its entirety, and the matter is fully briefed.

**B.    Facts**

Cleanquest's allegations are briefly summarized as follows:[9]

Cleanquest is a toxicology laboratory that provides testing services for substance abuse treatment facilities.[10] This case concerns the alleged underpayment by Defendants for insured laboratory toxicology testing.[11]

---

[6]    Order [ECF No. 17].

[7]    Order Regarding Defs.' Mot. to Dismiss [ECF No. 24].

[8]    Order Regarding Defs.' Mot. to Dismiss (the "Order Dismissing Second Amended Complaint") [ECF No. 38].

[9]    In connection with the instant Motion, the Court expresses no view regarding the veracity of Cleanquest's allegations. *See Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002).

[10]    Amended Complaint ¶ 1.

[11]    *See generally id.*

Cleanquest provided laboratory toxicology testing for 166 patients.[12] Cleanquest is an out-of-network provider.[13] Cleanquest submitted claims for repayment to Defendants, in accordance with ERISA health insurance plans.[14] Although Defendants previously paid Cleanquest "consistently for its laboratory services[,]" Defendants "either suddenly stopped paying claims or made low and erratic claim payments."[15] Defendants failed to make payments in accordance with the ERISA plans/policies, the rates paid on other consistently paid claims, and the reasonable value of Cleanquest's services.[16]

## II. LEGAL STANDARD

### A. Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n*, 277 F.3d at 1120. Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption

---

[12] *Id.* at ¶ 5.
[13] *Id.* at ¶ 6.
[14] *Id.* at ¶ 1.
[15] *Id.* at ¶ 7.
[16] *Id.* at ¶ 8.

that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

### B. Rule 15(a)—Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore, leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III. ANALYSIS

#### A. Sufficient Detail in Pleading, in General

Defendants contend that the Amended Complaint fails to comply with the pleading standards and requirements set forth in Rule 8.[17] In its Order Dismissing the Second Amended Complaint, the Court instructed Cleanquest to "identify, specifically in the Amended Complaint, the terms in the [Summary Plan Descriptions] that United allegedly violated and to allege how United violated those terms."[18] The Amended Complaint meets those requirements.

---

[17] Motion 2:19-4:10.

[18] Order Dismissing Second Amended Complaint 5.

Cleanquest has made significant revisions to its operative pleading.[19] In its Amended Complaint, Cleanquest identifies relevant plan language,[20] and Cleanquest alleges that Defendants violated those terms. Accordingly, the Court concludes that Cleanquest's Amended Complaint is, in general, sufficiently pleaded.

B. **Sufficiency of ERISA Claim (Claim Four)**

    1.     ERISA § 502(a)(1)(B)

To state a claim for benefits under ERISA § 502(a)(1)(B), a plaintiff must allege the existence of an ERISA plan, along with the provisions of the plan that entitle it to benefits. *See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015). Cleanquest attaches to the Amended Complaint two Summary Plan Descriptions,[21] and it recites the relevant provisions of those plans in that pleading.[22] Cleanquest's allegations and supporting exhibits, showing that some claims were paid while others were not, plausibly aver that Defendants misapplied the plan terms. Additionally, the Court concludes that Cleanquest alleged the exhaustion of its administrative remedies.[23]

Defendants asserts that Cleanquest's "allegations are contradicted by the documents attached to the [Amended Complaint]."[24] That argument, which involves the interpretation of documents attached to the Amended Complaint, is not well-suited for a Rule 12(b)(6) motion. The Court concludes that

---

[19]     *See* Notice of Revisions to Second Amended Complaint [ECF No. 40].
[20]     *See* Amended Complaint ¶¶ 22 & 34-36.
[21]     Amended Complaint, Exs. B, C, & D [ECF No. 39-2 through 39-4].
[22]     *Id.* at ¶¶ 22 & 34-36.
[23]     *See id.* at ¶¶ 7 & 38-50.
[24]     Motion 8:13-14.

Cleanquest's ERISA claim is sufficiently pleaded. Thus, Defendants' Motion is **DENIED**, with respect to this claim.

### 2. ERISA § 502(a)(2)

ERISA § 502(a)(2) "authorizes suits by four classes of party-plaintiffs: the Secretary of Labor, participants, beneficiaries, and fiduciaries." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985). "Congress' intent [was for those] actions for breach of fiduciary duty [to] be brought in a representative capacity on behalf of the plan as a whole." *Id.*; *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010) ("The claim for fiduciary breach gives a remedy for injuries to the ERISA plan as a whole, but not for injuries suffered by individual participants as a result of a fiduciary breach.").

Cleanquest's theory underlying its instant claims is that it allegedly "has suffered and will continue to suffer economic injury[.]"[25] The Court agrees with Defendants' assertion that Cleanquest "plainly brings [this] claim on behalf of itself."[26] Because Cleanquest does not assert this claim in a representative capacity, the Court **DISMISSES** this claim **without leave to amend**.

### 3. ERISA § 502(a)(3)

"Courts in [the Northern District of California] have found § 502(a)(3) claims cognizable in conjunction with § 502(a)(1)(B) claims particularly where the relief sought in connection with each claim is distinct." *Englert v. Prudential Ins. Co. of Am.*, 186 F. Supp. 3d 1044, 1047 (N.D. Cal. 2016) (internal quotation marks and citation omitted). In its Amended Complaint, Cleanquest alleges that "equitable and injunctive relief" may be appropriate.[27] Cleanquest asserts that

---

[25] Amended Complaint ¶ 59.
[26] Motion 10:23-24.
[27] Amended Complaint ¶ 59.

awarding damages may not be adequate because "some plans at issue may be self-funded" while other plans may be "fully insured[.]"[28] Those allegations are sufficient at the pleading stage to state a claim under ERISA § 502(a)(3). Accordingly, Defendants' Motion is **DENIED**, with respect to this claim.

### 4. Failure to Provide Requested Plan Documents

Cleanquest "asked [Defendants] for copies of plan documents," but Defendants "either ignored the requests, refused to provide documents, or in some cases sent letters claiming that they were not required to provide such documents (even though they are plan claims administrators and the drafters of the plans)."[29]

"Under 29 U.S.C. § 1132(c), only the plan 'administrator' can be held liable for failing to comply with the reporting and disclosure requirements." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1234 (9th Cir. 2000). Defendants assert that Cleanquest's representative plans "show that United is *not* the plan administrator; United is the claims administrator."[30] Nevertheless, the Court concludes that this claim should proceed, in view of Cleanquest's allegations that Defendants, as the "plan claims administrator[,]"[31] had a duty to send these documents. Accordingly, Defendants' Motion is **DENIED**, with respect to this claim.

### C. Preemption of State Law Claims (Claims One, Two, and Three)

Defendants argue that ERISA § 514 expressly preempts Cleanquest's state law claims.[32] The Court agrees.

---

[28] Opposition 15:27-28.
[29] Amended Complaint ¶ 8.
[30] Reply 7:13-14 (emphasis in original).
[31] Amended Complaint ¶ 8.
[32] Motion 12:18-17:22.

-8-

ERISA shall preempt "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered under ERISA. 29 U.S.C. § 1144(a). "This clearly expansive preemption provision . . . extends to state common law causes of action[.]" *Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 103 F.4th 597, 602 (9th Cir. 2024) (internal quotation marks and citation omitted); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal citations omitted) ("The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, [citation] which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'").

A state law claim "'relates to' an ERISA plan 'if it has a connection with or reference to such a plan.'" *Oregon Teamster Emps. Tr. v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1151, 1155 (9th Cir. 2015) (citation omitted). "These two categories operate separately." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 665 (9th Cir. 2019). "In determining whether a common law claim has 'reference to' an ERISA plan, 'the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival.'" *Oregon Teamster Emps. Tr.*, 800 F.3d at 1155 (citation omitted). State law claims refer to ERISA plans if they are "premised on the existence of an ERISA plan" or if "the existence of the plan is essential to the claim's survival." *Depot*, 915 F.3d at 665 (citation omitted).

The Court concludes that Cleanquest's breach of implied contract, quantum meruit, and UCL claims cannot be resolved without reference to ERISA plans. As Defendants assert, and the Court agrees, each of Cleanquest's state law claims is "premised on coverage and reimbursement under the terms of the plans[.]"[33]

---

[33] *Id.* at 15:16-17.

In its breach of implied contract claim, Cleanquest alleges that Defendants breached implied contracts created from "a historical course of dealing" by "not paying claims or grossly under paying claims" rather than "the plan document rate" or "the reasonable value of the services."[34] Based upon the allegations in the Amended Complaint, the "existence of the" ERISA Plan "is essential to the" survival of the breach of implied contract claim. *Cmty. Hosp. of Monterey Peninsula v. Aetna Life Ins. Co.*, 2020 WL 7389010, at *7 (N.D. Cal. June 26, 2020) (concluding that a breach of implied-in-fact contract claim was preempted under ERISA); *In re Out of Network Substance Use Disorder Claims against UnitedHealthcare*, 2020 WL 5913855, at *5 (C.D. Cal. July 29, 2020) (concluding that an implied contract claim was preempted by ERISA because the claim depended upon the interpretation of the ERISA plan to deny coverage and benefits). Thus, the Court concludes that this claim makes an impermissible reference to an ERISA plan.

In the quantum meruit claim, Cleanquest alleges that Defendants "refused to pay based on the reasonable value of the services and/or plan document rate as they represented and agreed, and instead have paid only a small fraction of the plan document rate and/or reasonable value of the services and often paid nothing at all for proper claims for covered medically necessary services."[35] Because this claim depends upon the interpretation of "covered" services as set forth in the ERISA plans, this claim also makes an impermissible reference to an ERISA plan. *See Port Med. Wellness, Inc. v. Connecticut Gen. Life Ins. Co.*, 24 Cal. App. 5th 153, 181 (2018) (concluding that a quantum meruit claim is preempted under ERISA when the plaintiff "contends it provided covered services to Plan members and now seeks payment for those services").

---

[34] Amended Complaint ¶¶ 10 & 11.

[35] *Id.* at ¶ 17.

The Court also concludes that Cleanquest's UCL claim is preempted under ERISA. Some UCL claims survive ERISA preemption when they are "based on independent obligations owed to" the plaintiff. *See, e.g.*, *Forest Ambulatory Surgical Assocs., LP v. United Healthcare Ins. Co.*, 2013 WL 11323600, at *9 (C.D. Cal. Mar. 12, 2013). However, Cleanquest's UCL claim is plainly based upon Defendants' refusal "to pay for services in accordance with the terms and conditions of the applicable plans/policies."[36] *See Sarkisyan v. CIGNA Healthcare of California, Inc.*, 613 F. Supp. 2d 1199, 1206 (C.D. Cal. 2009) (concluding that ERISA § 514(a) preempted the plaintiffs' UCL claim when it was based upon alleged "improper claims handling practice").

Thus, the Court concludes that ERISA § 514 preempts each of Cleanquest's state law claims. Accordingly, Defendants' Motion is **GRANTED** with respect to those claims. Because further amendment cannot rescue those claims, the Court **DISMISSES** Cleanquest's implied contract, quantum meruit, and UCL claims **without leave to amend**. In view of the Court's conclusion that ERISA expressly preempts Cleanquest's state law claims, the Court need not address Defendants' additional arguments regarding those claims.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendants' instant Motion to dismiss [ECF No. 50] is **GRANTED in part** and **DENIED in part**; specifically:

    a. the Motion is **GRANTED** with respect to Cleanquest's ERISA § 502(a)(2) claim, implied contract claim, quantum meruit claim, and UCL claim; each of those claims is **DISMISSED without leave to amend**; and

---

[36]  *Id.* at ¶ 21.

    b. the Motion is **DENIED** with respect to all other claims and arguments.

2. Defendants are **DIRECTED** to file their respective Answers to Cleanquest's Third Amended Complaint no later than December 13, 2024.

3. The stay of discovery is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 2, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE