# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CLEANQUEST, LLC., a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a corporation; UNITED HEALTHCARE SERVICES, INC., a corporation; UNITED BEHAVIORAL HEALTH operating under the brand name OPTUM, and DOES 1 through 10, inclusive,<br><br>Defendants. | NO. 8:23-CV-00148-JWH-JDE<br><br>**PROTECTIVE ORDER** |

Based on the Stipulation by and between Plaintiff Cleanquest, LLC ("Plaintiff") and Defendants UnitedHealthcare Insurance Company, United HealthCare Services, Inc., and United Behavioral Health ("Defendants"), and good cause appearing, under Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds and orders as follows. This Order does not govern the use of any material at trial. Nothing herein authorizes any party or non-party to file material under seal with the Court; Local Civil Rule 79-5, et seq., sets forth the procedures for seeking leave to file materials under seal. Mere designation of material under a protective order does not, of itself, authorize under seal filings.

1. Good Cause Statement. This case involves allegations regarding health benefit claims for toxicology laboratory testing services of 166 persons who participate in employee benefit plans either insured or administered by United. The parties agree that discovery in this action is likely to involve the disclosure of protected health information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), including Substance Abuse Information under 42 C.F.R. Part 2, by reference to other publicly available information, or through verification of such identification by another person ("Protected Substance Abuse Information"), as well as information that may not constitute PHI or Substance Abuse Information but is nonetheless confidential, proprietary, trade secret, sensitive, or private.

2. In this Protective Order, the words set forth below shall have the following meanings:

    a) "Proceeding" means the above-entitled proceeding, *Cleanquest, LLC v. UnitedHealthcare Insurance Company et al*, CASE NO. 8:23-cv-00148-JWH-JDE.

    b) "Court" means the Court in this action, including Court staff participating in such proceedings.

    c) "Confidential" means information (regardless of how it is generated, stored or maintained) or tangible things the party designating or producing it reasonably believes contains or reflects information subject to protection, including without limitation: (1) information protected under HIPPA and the California Medical Information Act, (2) information in the nature of a trade secret or other research, investigation, development, commercial or operational information of a confidential or proprietary nature; (3) financial, marketing, planning, strategic, investigative, or other internal information, data, analyses, or specifications of a

proprietary, confidential or competitive nature; (4) information deemed confidential or non-public by any regulatory body; (5) information otherwise protected by law from disclosure; and/or (6) any other information with respect to which there is a compelling need for confidentiality. Documents designated as "Confidential" shall be limited to documents that have not been made public, which the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or competitive position; or in the case of individuals, shall be limited to documents that reveal personal information, such as contact information, social security numbers, or Protected Health Information (as defined in 45 CFR §§ 160.103 and 164.501).

d) "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e) "Designating Party" means the Party that designates Materials as "Confidential."

f) "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g) "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by the Federal Rules of Evidence, Section 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h) "Highly Confidential – Attorneys' Eyes Only" means information (regardless of how it is generated, stored or maintained) or tangible things the party designating or producing it reasonably believes

contains or reflects information subject to protection, including without limitation: highly confidential personal or commercial information, such as trade secrets, financial information, business strategy, or other information, disclosure of which would be especially detrimental or harmful to the Disclosing Party or its business.

i) "Information" means the content of Documents or Testimony.

j) "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

3. The Designating Party shall have the right to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

4. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5. Protected Health Information:

a) All parties and counsel in this action are authorized to receive, subpoena, and transmit protected health information to the extent and subject to the conditions set forth herein.

b) All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information in this action to the extent and subject to the conditions set forth herein.

c) Nothing in this Order authorizes counsel to obtain medical records or protected health information through means other than formal discovery requests, subpoenas, depositions, patient authorizations,

or other lawful processes.

    d) This Order does not control or limit the use of protected health information that comes into possession of any party or any party's counsel from source other than a covered entity as defined in 45 C.F.R. § 160.103.

6. Any Documents, Testimony or Information to be designated as "Confidential or "Highly Confidential – Attorneys' Eyes Only" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation. The "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation should not obscure or interfere with the legibility of the designated Information.

    a) For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page of any Document containing such designated Confidential Material.

    b) Deposition Testimony may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only":

        i. On the record at the deposition; or

        ii. Within 30 days following receipt of the deposition transcript, by notifying the parties and those who present at the deposition.

        iii. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

    c) For Information produced in some form other than Documents, and

for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" portions.

7. The production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and such Party shall not be held to have waived any rights by such production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is produced without such designation, the Party that produced the document shall give written notice of such production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (the "Production Notice"). Upon receipt of such Production Notice, the Party that received the produced Document, Testimony or Information shall promptly destroy the produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designated Materials. Should the receiving Party choose to destroy such produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the production. This provision is not

intended to apply to any production of any Information protected by attorney-client or work product privileges.

8. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges or designations may result in sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    a) The Court and Court personnel.

    b) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party.  In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms.

    c) Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this

|     |     |     |
| --- | --- | --- |
|     |     | Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. |
|     | d) | Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding). |
|     | e) | Any deposition witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials. |
|     | f) | Any deposition witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms. |
|     | g) | Outside independent experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form |

attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach.

      h)    Any other person that the Designating Party agrees to in writing.

Confidential Information designated as "Highly Confidential - Attorneys' Eyes Only" (hereinafter "Attorneys' Eyes Only Material") shall be disclosed only to the persons listed in subparagraphs 9(a), (d), and (g) above, unless otherwise agreed or ordered. For the purposes of subparagraph 9(b), Attorneys' Eyes Only Material may not be shown to any member or employee of any law firm or other entity or individual who has been, is currently, or will be in the foreseeable future involved in the negotiation of contracts on behalf of any of the Parties to this Agreement, unless the person authored the document or is identified on the face of the document as a previous recipient. Additionally, for the purposes of subparagraph 9(b), Attorneys' Eyes Only Material may be shown to in-house litigation counsel for the Parties, provided that any in-house litigation counsel to whom Attorneys' Eyes Only Material is shown is not and will not in the foreseeable future be involved in the negotiation of contracts between the Parties, and does not share the documents, or the contents thereof, with any of the Parties' directors, officers, agents, or employees who negotiate contracts between the Parties.

Attorneys' Eyes Only Material may be shown to persons under subparagraph 9(e) and (f) if the witness is an employee of the party who produced the information designated as "Highly Confidential – Attorneys' Eyes Only", if the witness is identified on the face of the document as a previous recipient, or if the party who produced the information as "Highly Confidential – Attorneys' Eyes Only" consents before such designated information is disclosed to the witness.

Attorneys' Eyes Only Material may be shown to persons under subparagraph

1. (g), provided, however, that prior to the Disclosure of Attorneys' Eyes Only Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach.

10. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

11. Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

12. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

   a) Operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

   b) Prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

      i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order; or

      ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

13. Any Party to the Proceeding who has not executed the Stipulation underlying this Protective Order as of the time it is presented to the Court for signature may thereafter become a Party thereto by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

14. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

15. If any person subject to this Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential

treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena. Nothing herein authorizes any person to disobey a lawful directive of another court.

16. Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

17. If, after entry of this Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

18. This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

19. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

20. This Protective Order shall be considered a Qualified Protective Order complying with 45 C.F.R. § 164.512(e)(l)(v)(A) and (B) and authorizing disclosure of protected health information pursuant to 45 C.F.R. § 164.512(e)(l)(iv)(A). Notwithstanding state or federal law limiting a Producing Party's authority to disclose protected health information, the Producing Party is permitted to release protected health information in its possession in response to a discovery request,

provided that such a request otherwise complies with the requirements of the Federal Rules of Civil Procedure. The parties may not use or disclose Confidential Health Information produced in this action for any purpose in any other action. Confidential Health Information shall be subject to all other provisions of this Protective Order.

21. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

22. In the event additional parties join or are joined in this action, they shall not have access to Confidential Information until the newly joined party has executed and filed with the Court its agreement to be fully bound by this Protective Order or obtains appropriate relief from the Court.

23. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

24. This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the Proceeding is terminated.

25. All Confidential or Highly Confidential – Attorneys' Eyes Only Documents or information, whether or not subject to the provisions of HIPAA, shall be returned or destroyed upon the conclusion of this litigation, either through the settlement of the case, the dismissal of the case, or the entry of a Final Order (i.e., an Order not subject to further appeal).  Those Confidential or Highly Confidential – Attorneys' Eyes Only Documents or information that are subject to HIPAA shall also be returned or destroyed upon the conclusion of this litigation, either through the

settlement of the case, the dismissal of the case, or the entry of a Final Order (i.e., an Order not subject to further appeal), as required by 45 C.F.R. § 164.512(e)(1)(v).

26. This Protective Order may be amended or modified only by further order of the Court upon written stipulation of the Parties or, if the Parties have a disagreement regarding potential amendment or modification, by application to the Court. The obligations imposed by the Protective Order shall survive the termination of this action.

27. This Order is entered pursuant to Federal Rule of Evidence 502(d) and (e). Production of materials that the Producing Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Produced Privileged Information"), will not by itself constitute a waiver of any applicable privilege. When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in this Order and in Federal Rule of Civil Procedure 26(b)(5)(B). Within a reasonable period of time after a Producing Person discovers (or upon receipt of notice from another Party) that it has produced Produced Privileged Information, the Producing Person shall request the return of such Produced Privileged Information by identifying in writing the materials produced and the basis for withholding such materials from production. If a Producing Party requests the return of Produced Privileged Information pursuant to this paragraph, the Receiving Party must immediately take all commercially reasonable steps to return or destroy the Produced Privileged Information (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Person of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Person's notification. The Receiving Party may not use or disclose any Produced Privileged

1  Information until the dispute is resolved. The Parties will thereafter meet and confer
2  regarding the disputed privilege claim. If the Parties cannot resolve their dispute,
3  either Party may seek a determination from the Court regarding whether the privilege
4  applies under Local Rule 37-1, et seq. The Producing Person must preserve the
5  Produced Privileged Information and the Receiving Party may not use the Produced
6  Privileged Information for any purpose until the dispute is resolved. This provision
7  is not intended to modify whatever procedure may be established in an e-discovery
8  order that provides for production without prior privilege review.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: April 09, 2025

_____
JOHN. D. EARLY
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[full name]**, of _____ **[full address]**, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on April 9, 2025, in the case of *Cleanquest, LLC v. UnitedHealthcare Insurance Company et al*, CASE NO. 8:23-CV-00148-JWH-JDE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ **[full name]** of _____ **[full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed Name: _____

Signature: _____